21-1019-cv
*Wallace v. Grp. Long Term Disability Plan*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-two.

PRESENT:
>    MICHAEL H. PARK,
>    EUNICE C. LEE,
>    MYRNA PÉREZ,
>        *Circuit Judges.*

---

PAMELA WALLACE,

>        *Plaintiff-Appellant,*

>    v.                                                 21-1019

GROUP LONG TERM DISABILITY PLAN
FOR EMPLOYEES OF TDAMERITRADE
HOLDING CORPORATION, HARTFORD
LIFE AND ACCIDENT INSURANCE
COMPANY,

>        *Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | SCOTT M. RIEMER (Jennifer L. Hess, Matthew Maddox, *on the brief*), Riemer Hess LLC, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | BRIAN P. DOWNEY (Kathleen A. Mullen, *on the brief*), Troutman Pepper Hamilton Sanders LLP, Harrisburg, PA. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2010, Plaintiff Pamela Wallace filed a claim for disability benefits with her plan's administrator, Defendant Hartford Life and Accident Insurance Company ("Hartford"). Hartford granted Wallace twenty-four months of disability benefits (up to August 4, 2012) based on several foot-related injuries. Wallace sought additional long-term disability ("LTD") benefits based on fibromyalgia, undifferentiated connective tissue disorder ("UCTD"), and obsessive-compulsive disorder ("OCD"). Hartford denied these claims, and Wallace sought review in federal court under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). The district court affirmed Hartford's decision to deny Wallace LTD benefits based on fibromyalgia and UCTD, but remanded the case to Hartford to review whether Wallace's OCD entitled her to benefits.[1] Wallace appealed this decision, but subsequently withdrew the appeal after Hartford stipulated to review her claim for physical disability benefits anew. After Wallace submitted additional evidence regarding fibromyalgia and chronic fatigue syndrome, Hartford denied her claim on October 31, 2018 and later affirmed its denial on administrative appeal on May 22, 2019.

On November 14, 2019, Wallace filed this action in the United States District Court for the

---

[1] On remand, Hartford concluded that Wallace was entitled to LTD benefits on the basis of her OCD for the period August 5, 2012 through August 4, 2014.

Southern District of New York, once more seeking review of Hartford's decision. The parties cross-moved for summary judgment. The district court (Ramos, *J.*) reviewed Hartford's decisions under an "arbitrary and capricious" standard and found the initial denial, as well as its affirmance on administrative appeal, to be within Hartford's discretion. The court thus denied Wallace's motion and granted summary judgment in Hartford's favor. Wallace now appeals, arguing that (1) Hartford failed to afford her a "full and fair" review of its initial adverse benefit determination; and (2) Hartford abused its discretion in denying Wallace's LTD benefits claim. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review the district court's ruling on a motion for summary judgment *de novo*, employing the same standard of review of the administrative record as applied by the district court. *See Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009).

**I.      "Full and Fair" Review**

Wallace first argues that Hartford deprived her of a "full and fair" review of its initial October 2018 denial. Specifically, she claims that Hartford violated 29 C.F.R. § 2560.503-1(h)(3)(iii) because the independent medical reviewer Hartford retained on administrative appeal, Dr. Paramvir Sidhu, did not address what Wallace characterizes as her "star piece of new evidence," an independent medical examination report from Dr. Bruce Gillis dated April 1, 2019 ("2019 Gillis IME Report"). Appellant's Br. at 11, 24–25. Wallace maintains that the discussion of the 2019 Gillis IME Report in Hartford's denial letter was improper because it was written by an appeals specialist who was not a medical professional. We disagree.

An employee benefit plan shall "afford a reasonable opportunity to any participant whose

3

claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2); *see Mayer v. Ringler Assocs. Inc.*, 9 F.4th 78, 86 (2d Cir. 2021) ("ERISA provides that every claim for benefits must receive a full and fair review by the claims administrator." (internal quotation marks omitted)). The regulations in effect when Wallace filed her claim required Hartford to "consult with a health care professional who has appropriate training and experience in the field of medicine" when "deciding an appeal of any adverse benefit determination that is based in whole or in part on a medical judgment." 29 C.F.R. § 2560.503-1(h)(3)(iii) (2002) (effective until Jan. 18, 2017).[2]

As an initial matter, Dr. Sidhu was not required explicitly to discuss the 2019 Gillis IME Report. Over nine years, Hartford hired four independent physicians to examine Wallace or to review her medical records. For Wallace's 2019 appeal, Hartford hired Dr. Sidhu, a board-certified rheumatologist, to review the record and to provide an opinion. Although he did not expressly discuss the 2019 Gillis IME Report, Dr. Sidhu listed it among the materials he reviewed before concluding that Wallace could perform all duties of a 40-hour work week. At that point, the record contained over thirty documents, including medical reports and notes from more than a dozen doctors. The regulations do not state that Dr. Sidhu was required to address each document in detail before arriving at a determination.

Hartford properly relied on Dr. Sidhu's report—as well as the opinions of several other

---

[2] Although Wallace filed a new proof of loss on June 9, 2018, this did not constitute a new claim. Hartford's initial adverse benefit determination on October 31, 2018 and its affirmance of that decision on April 24, 2019 stemmed from Wallace's original 2010 claim. So the amended regulations, which took effect on April 1, 2018, do not apply. In any case, Wallace argues that she "should prevail under either [the 2002 or 2018] version." Appellant's Reply at 17 n.3.

medical experts—when it chose not to credit the 2019 Gillis IME Report and denied Wallace's claim. Contrary to Wallace's assertions, Hartford did not "discount[] the 2019 Gillis IME Report based solely on the lay opinion of Hartford's appeal specialist," who was not a medical expert. Appellant's Br. at 22. The specialist relied on the opinions and reports of four independent physicians, including Dr. Sidhu, before concluding that "[t]he weight of the evidence supports that during the time frame for consideration Ms. Wallace's physical condition was not of a severity as to prevent her from performing full-time work." Confidential App'x at 749–50.[3]

Thus, Wallace has failed to demonstrate that she was deprived of a "full and fair" review of Hartford's initial adverse benefit determination.[4]

## II. Hartford's Determination

Wallace also argues that even if "Hartford had provided a full and fair review, the District Court still erred in granting summary judgment to Hartford and denying summary judgment to [her] because Hartford abused its discretion." Appellant's Br. at 34. Wallace claims that Hartford abused its discretion because it based its decision on unreliable medical reports and evidence. This argument is meritless, and we agree with the district court that Hartford's denial was not arbitrary and capricious.

---

[3] Moreover, the claims specialist did not arrive at any medical judgment. In the denial letter, the claims specialist merely "acknowledge[d] that Dr. Bruce Gillis has confirmed Ms. Wallace's diagnosis of fibromyalgia" and noted his "opin[ion] that Ms. Wallace would have been unable to work due to [t]his condition since 2010," but chose instead to credit the reports of other physicians. Confidential App'x at 750.

[4] Wallace also argues that Hartford failed to provide her with a "full and fair" review because it provided three new, previously undisclosed reasons for denying her claim. Wallace waived this argument because she did not present it to the district court. *See Anderson Grp. LLC v. City of Saratoga Springs*, 805 F.3d 34, 50 (2d Cir. 2015). We decline to consider this argument because Wallace has "offered no explanation for [her] failure" to raise it with the district court. *Id.*

5

Under Wallace's disability benefits plan, Hartford retained "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of [t]he [Benefits] Policy." Joint App'x at 59. "[P]lans investing the administrator with broad discretionary authority to determine eligibility are reviewed under the arbitrary and capricious standard." *Novella v. Westchester Cnty.*, 661 F.3d 128, 140 (2d Cir. 2011) (citation omitted).[5] This is a "highly deferential standard" under which "the scope of judicial review is narrow." *Celardo v. GNY Auto. Dealers Health & Welfare Tr.*, 318 F.3d 142, 146 (2d Cir. 2003). "A court may overturn a plan administrator's decision to deny benefits only if the decision was without reason, unsupported by substantial evidence or erroneous as a matter of law." *Id.* (cleaned up). "Substantial evidence is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the administrator and . . . requires more than a scintilla but less than a preponderance." *Id.* (cleaned up). The district court properly found that Hartford's decision to deny Wallace's claim was based on substantial evidence.

First, Hartford acted within its discretion when it credited the opinions of four independent medical consultants to conclude that Wallace could work a full-time job as defined under the benefits plan. Wallace emphasizes that she submitted several reports supporting her disability claim, including two by Dr. Gillis and another by Dr. Steven Meed, Wallace's treating physician.

---

[5] Wallace asserts that the district court erred in applying an arbitrary and capricious standard because Hartford failed to follow the minimum standards set forth in ERISA's claims procedure regulations. *See Halo v. Yale Health Plan, Dir. of Benefits & Recs. Yale Univ.*, 819 F.3d 42, 57–58 (2d Cir. 2016) (holding that "a plan's failure to comply with the Department of Labor's claims-procedure regulation . . . will result in that claim being reviewed *de novo* in federal court"). Hartford's purported violations of ERISA's claims procedure regulations, however, are based on the same grounds that Wallace asserts deprived her of a "full and fair" review. For the same reasons as noted above, *supra* at 3–5, we reject that argument and find that the district court properly reviewed Hartford's determination under the arbitrary and capricious standard.

But "in cases where the evidence conflicts, an administrator's conclusion drawn from that evidence that a claim should be denied will be upheld unless the evidence points so decidedly in the claimant's favor that it would be unreasonable to deny the claim on the basis of the evidence cited by the administrator." *Roganti v. Metro. Life Ins. Co.*, 786 F.3d 201, 212 (2d Cir. 2015) (collecting cases). Further, plan administrators are not "required to accord special deference to the conclusion of [the claimant's] physicians." *Durakovic v. Bldg. Serv. 32 BJ Pension Fund*, 609 F.3d 133, 141 (2d Cir. 2010). Here, substantial evidence in the form of numerous medical reports supports Hartford's decision.

Second, we reject Wallace's contention that "each of Hartford's four (4) medical consultants poisoned their own reports by unreasonably relying on non-time relevant 2011 and 2012 surveillance footage." Appellant's Br. at 42. As an initial matter, Wallace fails to explain persuasively how the 2011 and 2012 surveillance footage is not time-relevant. In any event, Hartford and its consultants did not rely solely on the video footage. They also properly considered Wallace's medical records to find that Wallace could work a 40-hour work week. *See Ingravallo v. Hartford Life & Accident Ins. Co.*, 563 F. App'x 796, 800 (2d Cir. 2014) (summary order) (holding that plan administrator did not abuse its discretion when it denied benefits after considering video surveillance with other "clinical information").

**III. Conclusion**

For the foregoing reasons, Hartford acted within its discretion in denying Wallace's claim. We have considered Wallace's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court